AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*July 15, 2026*

Nathan Ochsner, Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

FORINSIC EXTRACTION OF AN IPHONE

)
)
)
)
)
).

Case No. **1:26-MC-5021**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____ Southern _____ District of _____ Texas _____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Unlawful possession of firearms and ammunition |
| 18 U.S.C. § 554 | Smuggling of goods from the United States |

The application is based on these facts:

SEE AFFIDAVIT IN SUPPORT

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Ryan Mangum*
Applicant's signature

Ryan Mangum, HSI Special Agent
*Printed name and title*

Submitted by reliable electronic means, sworn to,
signature attested telephonically per Fed. R. Crim.P. 4.1.

Date: July 15, 2026

City and state: Brownsville, Texas

*Karen Betancourt*
*Judge's signature*

The Honorable Karen Betancourt, US Magistrate
*Printed name and title*
Judge

United States Courts
Southern District of Texas
FILED

*July 15, 2026*

Nathan Ochsner, Clerk of Court

**ATTACHMENT A**

**1:26-MC-5021**

**Property to Be Searched**

1.  The forensic extraction, currently located at the HSI Harlingen Office, 1717 Zoy Street, Harlingen, Texas 78552 (the **"TARGET EXTRACTION"**).

2.  The requested warrant would authorize the search of the forensic examination for the purpose of identifying electronically stored data, particularly the data described in Attachment B.

United States Courts
Southern District of Texas
FILED

*July 15, 2026*

Nathan Ochsner, Clerk of Court

## ATTACHMENT B

**1:26-MC-5021**

a. All data on the **TARGET EXTRACTION** described in <u>Attachment A</u> that relates to suspected violations of Title 18 U.S.C. § 922(g) and Title 18 U.S.C. § 554 by Alfredo MURILLO.

b. Any and all text messages, including deleted text messages;

c. Any and all voice messages, including deleted voice messages;

d. Any and all call history logs, including deleted call history;

e. Any and all e-mails and instant messages, including those deleted;

f. Any and all photographs and videos, including those deleted;

g. Any and all telephone contacts reflecting names, addresses, telephone numbers, pager numbers, fax numbers, or telex numbers;

h. Lists of customers and related identifying information as well as dates, places, and amounts of specific transactions;

i. Any information related to co-conspirators of bulk cash smuggling (including names, addresses, phone numbers, or any other identifying information);

j. Any information recording travel itinerary;

k. All bank records, checks, credit card bills, account information, and other financial records;

l. Any and all applications loaded and accessible, including the WhatsApp application;

m. All SIM card data stored or accessible on SIM card(s);

n. Any and all location data;

United States Courts
Southern District of Texas
FILED

*July 15, 2026*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

**IN THE MATTER OF THE SEARCH OF
THE FORINSIC EXTRACTION OF AN
IPHONE, CURRENTLY LOCATED AT
HSI-HARLINGEN OFFICE**

**Crim. No. 1:26-MC-5021**

## AGENT'S AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Ryan Mangum, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application under Federal Rule of Criminal Procedure 41 for a search warrant authorizing the examination of the forensic extraction currently in law enforcement possession described in Attachment A and the contents of the extraction to include electronically stored information described in Attachment B.

2.  I am a Special Agent (SA) with Homeland Security Investigations (HSI) Rio Grande Valley (RGV) and have been since January of 2025. I am a graduate of the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. During my training, I received over 800 hours of training in investigative techniques associated to narcotics distribution, customs and immigrations violations, violent gang violations, and financial crimes. Prior to my tenure with HSI, I served for 8 years with the United States Secret Service. I served numerous units to include; the White House Surveillance Unit, Specialized Rifle Unit, and Explosives Detection Canine Unit. Notably, during my time on the Specialized Rifle Unit, I gained knowledge and experience on various weapon system platforms to include the AR15 style system. Furthermore, I gained knowledge and experience with different enhancement devices for these weapon systems; of both military/law enforcement and

civilian application. Prior to my tenure with the United States Secret Service, I served 3 years as a local Police Officer in Concord, North Carolina. During my service as local law enforcement, I gained knowledge and experience on laws pertaining to possession of firearms by convicted felons and crimes involving the possession and sale of narcotics. As a Special Agent with HSI, I have participated in investigations which have involved criminal enterprises and their elements of financiers, manufacturers, distributors, and money launderers. I have also received training on conducting search warrants to include electronic search warrants of cellular devices (legal aspects, functions of a search warrant, application, etc.). As a member of the Human Smuggling and Trafficking Investigative Group, I have learned about the methods used by smugglers to thwart or evade investigations of their smuggling organizations. One tactic frequently used by these organizations is the consistent use of cellphones and text messages along with other applications with text and photo messaging. I have learned that members of these organizations often store co-conspirators' telephone numbers in the phone's memory. These organizations communicate using cellular phones to facilitate smuggling transactions and coordination. During my career, I have been trained in how to extract and analyze data to aid in the identification of co-conspirators of crimes, locations utilized for harboring of humans and narcotics, and victims of such crimes.

3. Your affiant is a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, I am a government agent engaged in enforcing criminal laws and duly authorized by the Attorney General to request a search warrant.

4. Your affiant is an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and I am empowered by law to conduct investigations and to make arrest for offenses enumerated in Section 287 of Title 8, of the United States Code.

5. This affidavit is intended to show only that there is sufficient probable cause for the

requested warrant and does not set forth all my knowledge about this matter.

## IDENTIFICATION OF THE ITEM TO BE SEARCHED

6. I request to search the forensic extraction of a mobile device (TARGET EXTRACTION) which is currently located at the HSI Harlingen Office, 1717 Zoy Street, Harlingen, Texas 78552 and identified in Attachment A.

7. The applied-for warrant would authorize the search of the **TARGET EXTRACTION** for the purpose of identifying electronically stored data, particularly the data described in Attachment B.

8. In my training and experience, I know that the **TARGET EXTRACTION** has been stored in a way in which its contents are, to the extent material to this investigation, in substantially the same state as they were when it first came into law enforcement's possession.

## PROBABLE CAUSE

9. On February 18, 2026, HSI RGV discovered a Facebook profile, username "Ismael Arellano", that contained a profile picture of an individual with Cartel del Golfo (CDG) insignia, multiple images of the individual with weapons, and videos of cartel armored vehicles and weaponry. Law enforcement later identified the individual pictured as Juan Jose GONZALEZ-Aguilar, believed to be an associate and enforcer for the CDG Matamoros faction. While reviewing the Facebook profile, Affiant discovered that one of the pictures on the "Ismael Arellano" Facebook page, was "liked" by another Facebook account with the username, "Alfredo Murillo".

10. Affiant reviewed the publicly available information of the "Alfredo Murillo" profile and identified Alfredo MURILLO as the individual utilizing the account. Affiant conducted a law enforcement database search and discovered that MURILLO had previously been convicted of felony charges for Engaging in Organized Criminal Activity and Burglary of Habitation. Affiant discovered

additional Custom and Border Protection (CBP) records related to MURILLO's suspected involvement in narcotics smuggling operations in the Brownsville, Texas area. Based law enforcement records, Affiant knows MURILLO is a United States citizen who currently resides in Brownsville, Texas.

11. Affiant discovered photographs of MURILLO posted on Facebook in which MURILLO appears to be holding a firearm. Affiant also discovered an additional social media account utilized by MURILLO, in which the Instagram profile named "mightymx3", with name showing "Alfredo Murillo", depicts MURILLO holding what appears to be an AK-47 rifle.





**mightymx3**  ⋮
Alfredo Murillo
**10** posts   **75** followers   **169** following
Trust issues 🤝 & self made 🥂 🇲🇽 mx

12. On April 22, 2026, Affiant was contacted by CBP Officers at the Gateway Port of Entry (POE) and informed that MURILLO was attempting to re-enter the United States from Matamoros, Mexico. Affiant responded to the POE to interview MURILLO. At the time MURILLO made entry into the United States, MURILLO was in possession of an iPhone. Although Affiant and CBP Officers are authorized to conduct Border Searches, MURILLO gave verbal consent to search his cellular device during the interview.

13. During the physical examination of MURILLO's cellular device, law enforcement

observed multiple pictures of firearms, which included both handguns and rifles.

14. Affiant also located WhatsApp messages between MURILLO and an individual by the name of "Flako Tampico" (956-431-9606) which contained pictures of firearms and monetary amounts. Through law enforcement data bases, HSI SAs were able to identify "Flako Tampico" as Jesus Alberto Gonzalez-Hernandez, a citizen of Mexico. Law enforcement data bases indicate that Gonzalez-Hernandez was previously illegally present in the United States and removed via the Brownsville Gateway Port of Entry on August 24, 2021. Based on training and experience, Affiant knows that individuals prohibited from possessing firearms, such as MURILLO, will often attempt to obtain firearms from individuals instead of licensed gun dealers. Based on training and experience, Affiant knows that individuals illegally present in the United States, are prohibited from possessing or purchasing firearms. Based on training and experience, Affiant knows that it is illegal for an individual to sell or transfer firearms to another individual outside of the United States.

15. In accordance with Border Search Authority and ICE Directive 7-6.1, reasonable suspicion was obtained for a forensic extraction of MURILLO's cellular device. Based on training and experience, Affiant knows that criminal organizations use WhatsApp due to its end-to-end encryption and self-deleting messages. At the time of the interview, CBP was unable to preform a forensic extraction at the POE.

16. Affiant informed MURILLO that further searches of his cellular device were needed and that device would need to be taken to the HSI office. MURILLO consented, signed a CBP 6051D (Receipt of Property Detention), and was informed the cellular device would be returned when the forensic extraction was completed.

17. The **TARGET EXTRACTION** was obtained from MURILLO's cellular device on April 23, 2026, and provided to Affiant. On April 24, 2026, Affiant returned the cellular device to MURILLO at the Gateway POE.

18. **TARGET EXTRACTION** has been stored in a way in which its contents are, to

the extent material to this investigation, in substantially the same state as they were when it first came into law enforcement's possession.

19. Based on my knowledge, training, and experience that weapons smuggling is a conspiratorial crime which requires the subjects involved to communicate with each other to coordinate their criminal activities.

20. Based on my knowledge, training, and experience, I know that it is illegal for a convicted felon to possess a firearm, sell a firearm, or purchase a firearm.

21. Based on my knowledge, training, and experience I know that smugglers use their cellphones to communicate via text messages, voice messages and emails with co-conspirators utilizing applications loaded and accessible to download on the cellphone.

22. Based on my knowledge, training, and experience I know that smugglers use the messaging app "WhatsApp" to communicate and conduct illicit activities, due to the app's end-to-end encryption and automatic deleting messages.

23. Based on my knowledge, training, and experience, I know that smugglers will utilize cellphones to assure their co-conspirators through photographs and videos that they are in possession of the currency to be delivered or transported.

24. Based on my knowledge, training, and experience, I know that smugglers often keep records, photographs, contact lists, and other information relating to their criminal enterprise on their cellphones and electronic devices. These include contact lists, ledgers, spreadsheets, documents, text messages, voicemails, photographs, and other data relating to criminal activities, co-conspirators, and the laundering of smuggling proceeds.

25. Based on my training, experience, and participation in the investigation of various types of smuggling, I know individuals involved in these activities often use

cellphones to communicate with others who may act as scouts, drivers, stash house operators, and assist in the commission of the offenses.

26. Based on my knowledge, training and experience I know that smugglers will store in their cellphones contact numbers, names, addresses and other identifying information of co-conspirators known and unknown to your affiant.

27. Based on my knowledge, training and experience I know smugglers maintain on their cellphones lists of customers with addresses, names, telephone numbers, dates, places, and amounts of specific transactions.

28. Based on my knowledge, training and experience I know that smugglers communicate through text messages and voice messages with co-conspirators information regarding travel itineraries and travel plans.

29. Based on my training and experience I know that cell phones are capable of recording location and location data. This location data can reveal possible smuggling routes or stash houses as well as co-conspirators and their locations.

30. Based on my knowledge, training, and experience, I believe there is probable cause to believe that the **TARGET EXTRACTION**, which was recovered from the cellular device belonging to MURILLO at the time of his entry into the United States, contains evidence of violations of, Title 18 U.S.C. § 922(g) and Title 18 U.S.C. § 554.

## ELECTRONIC DEVICES AND STORAGE

31. As described herein and in <u>Attachment B</u> and in accordance with Federal Rule of Criminal Procedure 41(e)(2)(B), this application seeks permission to search and seize the data contained in the **TARGET EXTRACTION** in whatever form it may be stored. Based on my knowledge, training, and experience, I know that cellphones can

store information for long periods of time. Even when a user deletes information from a device, it sometimes can be recovered with forensic tools. Similarly, data viewed via the Internet is typically stored for some period of time. This information sometimes can be recovered with forensic tools.

32. Searching for the evidence described in <u>Attachment B</u> may require a range of data-analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in <u>Attachment B</u>, and/or perusing all stored information briefly to determine whether it falls within the scope of the warrant. Considering these difficulties, agents intend to use whatever data-analysis techniques appear necessary to locate and retrieve the evidence described in <u>Attachment B</u>.

33. Because this warrant seeks only permission to examine a forensic extraction already in law enforcement's possession, the execution of this warrant does not involve physical intrusion onto a premise. Consequently, I submit there is

probable cause for the Court to authorize the execution of this warrant at any time of day or night.

## CONCLUSION

34. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **TARGET EXTRACTION** described in Attachment A to seek and seize the evidence described in Attachment B.

Respectfully submitted,

*Ryan Mangum*

Ryan Mangum
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of
Fed. R. Crim. P. 4.1 by Telephone on _____July 15, 2026_____2026.

Karen Betancourt
UNITED STATES MAGISTRATE JUDGE